CHARLES LUNDGREN V. JOHN ERIK ET AL.

FILED NOVEMBER 21, 1893.   No. 4964.

Motion to Vacate Order of Dismissal: SUFFICIENCY OF SHOWING: REVIEW: PRACTICE.  In the district court, on motion of defendants, and in absence of plaintiff and his attorney, the suit was dismissed for want of prosecution.  On the same day, counsel for plaintiff, as soon as he learned of the order of dismissal, moved to set the same aside and reinstate the suit, supported by affidavit, which is uncontradicted, showing that he was not guilty of laches in failing to appear and prosecute the cause when called for trial, and that plaintiff had a meritorious case.  *Held*, That the showing was sufficient to entitle plaintiff to have the judgment of dismissal vacated and the case reinstated.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

*C. P. Halligan*, for plaintiff in error, cited: *Eaton v. Hasty*, 6 Neb., 427; *Thrailkill v. Daily*, 16 Neb., 116; *Berggren v. Berggren*, 24 Neb., 764; *O'Dea v. Washington County*, 3 Neb., 122; *State v. Gaslin*, 25 Neb., 72; *Brusa v. Sandwich Mfg. Co.*, 28 Neb., 827.

*A. S. Ritchie, contra.*

NORVAL, J.

Plaintiff in error was plaintiff in the court below. When the cause was reached for trial, on motion of the defendants, the action was dismissed for want of prosecution.  Subsequently, on the same day, plaintiff filed a motion to vacate the order of dismissal and to reinstate, which was denied; and to review said ruling the cause was brought to this court.

The bill of exceptions states that the following affidavit was filed and read in support of the motion to reinstate the case:

"State of Nebraska, } ss.
County of Douglas.

" Charles P. Halligan, being first duly- sworn, deposes and says that he is attorney for the plaintiff in the above entitled action ; that said action has been pending for a long time, and that said plaintiff has, ever since the institution of said action, been ready and anxious to have said cause tried, and is now ready and anxious to have the same tried; and that, as affiant verily believes, said plaintiff has a good cause of action against said defendants.

"Affiant further says that at the time the order of dismissal was made herein affiant was engaged in the trial of the case of *Johnston v. Erickson* before his honor, Judge Davis.

"Affiant further says that he has not been negligent in watching said cause, but that at all times he has been ready, since said cause was put upon the call, to try the same, except when actually engaged in the trial of said cause of *Johnston v. Erickson* before Judge Davis.

" C. P. Halligan.

"Subscribed in my presence and sworn to before me this 26th day of June, A. D. 1891.

"Gustave Anderson,
"*Justice of the Peace.*"

Under the facts stated in the foregoing affidavit, and others disclosed by the record before us, we are of the opinion that the motion to vacate the judgment of dismissal, and to reinstate the action, should have been sustained. It appears from the affidavit that plaintiff has a good and meritorious cause of action. It is further disclosed that plaintiff was not guilty of such negligence, or laches, in failing to appear when the case was regularly called for trial and when the order of dismissal was made, as to preclude him from having the relief demanded. Plaintiff had employed Mr. Halligan to bring the suit and to look after and try the same for him. The cause stood upon the cal-

Lundgren v. Erik.

endar for trial on June 26th, and was the last of ten cases on the call for that day before the same judge.    When it was regularly reached on said day, plaintiff's attorney was engaged in the trial of another suit before one of the other judges of said court; therefore he was unable to be present. Neither plaintiff nor his attorney had endeavored to hinder or delay the trial of this case, but they have at all times been ready and willing to have the same heard upon the merits.

It is important that progress be made with the calendar of cases; but it is of vastly more importance that justice be done, and that cases be disposed of on their substantial merits.    We are aware that it is difficult to lay down a general rule for determining when an order dismissing an action on account of the failure of the plaintiff to appear should be vacated, and the cause reinstated, and we shall not now attempt to do so.    Each case must necessarily be decided upon its own peculiar facts.    Under the showing contained in the bill of exceptions, we are all agreed the court should have set the order of dismissal aside and reinstated the cause upon the docket.

It is proper to state that the transcript of the case prepared by the clerk of the district court contains a certified copy of the affidavit of plaintiff's attorney filed in support of the motion to reinstate, and which copy differs from the one incorporated in the bill of exceptions, in that it does not contain any allegation as to plaintiff having a meritorious cause of action.    Of course such an allegation was necessary; and it is not improbable that the motion was overruled for want of a showing of merit; but, as a reviewing court, we must base our decision upon the evidence disclosed by the bill of exceptions.

The judgment of the district court is reversed, the judgment of dismissal vacated and set aside, and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.